IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SABRINA WAGNER**,

**Plaintiff,**

**v.**

**JESSE BRYANT (JESSE'S PLACE),**

**Defendant.**                                                   No. 11-0032-DRH

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

On January 11, 2011, Sabrina Wagner filed suit against her former employer, Jesse Bryant (Jesse's Place) for sexual harassment (Doc. 2). Now before the Court are her motions to proceed without prepaying fees or costs (Doc. 3); appointment of counsel (Doc. 4) and motion for service of process at Government expense (Doc. 5). Based on the following, the Court grants the motion to proceed without prepaying fees or costs and the motion for service of process and denies without prejudice the motion for appointment of counsel.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some

respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Wagner's motion survives **§ 1915(e)(2)** review. She signed a declaration contained in her motion to proceed *in forma pauperis* documenting her poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit. However, if Wagner becomes employed she must pay the filing fee or in the event that Wagner recovers anything in this lawsuit she must pay the filing fee, whichever occurs first.

As to Wagner's motion for appointment of counsel, the Court finds that Wagner has not demonstrated under Seventh Circuit standards that she is entitled to appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." **28 U.S.C. § 1915(e)(1)**. There is no constitutional or statutory right to counsel for a civil litigant, however. ***Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001)**; ***Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)**. Appointment of counsel lies within the sound discretion of the trial court. ***See Pruitt v. Mote*, 503 F.3d 647,**

654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Wagner states that she has contacted Illinois Lawyer Finder and Land of Legal Assistance. She also states that she has been unable to find an attorney because "Had To Have Money To Pay Attorney But I Did Not Have The Funds & The Legal Assistance Does No Assist With My Type Of Case." The Court concludes that she has not yet made the adequate effort to find an attorney to represent her.

In an effort to assist Wagner, the following are a list of attorneys that concentrate in the area of practice as the claim alleged in Wagner's complaint:
**Lee W. Barron**, 112 Front Street, Alton, IL 62002 (618) 462-9160; **Mary Anne Sedey**, 2711 Clifton Avenue, St. Louis, MO 63139 (314) 773-3566; **Ferne P. Wolf**, 530 Maryville Centre Drive Suite #460, St. Louis, MO 63141 (314) 744-4010;

**Kristin F. Whittle**, 1010 Market Street Suite 1605, St. Louis, MO 63101 (314)241-5291; **Kevin M. Boyne**, 1803 North Belt West, Belleville, IL 62226 (618) 277-8278; **David H. Bone**, 5111 West Main Street, Belleville, IL (618) 235-0020; **Bernard Jay Dowling**, 6 Canty Lane, Fairview Heights, IL 62208 (618) 398-9977; **Gregory S. Keltner**, # 2 Executive Drive, Fairview Heights, IL 62208 (618) 624-2444; **Rodney W. Thompson**, 5111 West Main Street, Belleville, IL 62223 (618) 235-0020; **Gary Lee Bement**, 20 Bronze Point, P.O. Box 23296, Belleville, IL 62223 (618) 277-8260; and **David C. Nelson**, 420 N High Street, P.O. Box Y, Belleville, IL 62222, (618) 277-4000.

The Court notes that it does not comment on whether counsel listed can or will take a case alleging employment discrimination, or whether they are qualified to handle such a case. Further, the attorneys listed have not been screened by the Court and have not all been observed by the Court in employment discrimination cases. The Court has learned from one source or another that these lawyers hold themselves out to the public as available to accept employment discrimination cases. The Court does not in any form or fashion endorse or suggest the employment of any lawyers on this list. Whether Wagner contacts one or more of the lawyers on this list is something which the Wagner must decide. The list is provided as a convenience to Wagner in case she and she alone decides that she can make use of one or more of the names to comply with the requirement of *Pruitt* to attempt to find a lawyer herself before asking the Court to appoint one for her. Should Wagner contact one

or more of the lawyers on this list, the Court does not represent that such contact meets the ***Pruitt*** test for attempting to obtain her own counsel. The Court also notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **GRANTS** Wagner's motion to proceed without prepaying fees or costs (Doc. 3) and motion for service of process at Government expense (Doc. 5). The Court **DENIES without prejudice** the motion for appointment of counsel (Doc. 4). If a summons is to be issued, Wagner shall prepare the summons form and a USM-285 form for the named Defendant and forward these documents to the Clerk of the Court for issuance. Once a summons, if any, is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

**IT IS SO ORDERED.**

Signed this 19th day of January, 2011.

David R. Herndon
2011.01.19 15:31:48
-06'00'

**Chief Judge**
**United States District Court**