IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SABRINA WAGNER**,

**Plaintiff,**

v.

**JESSE BRYANT (JESSE'S PLACE),**

**Defendant.**                                                    No. 11-0032-DRH

ORDER

**HERNDON, Chief Judge:**

On November 13, 2012, the Court set this matter for a final pretrial conference on December 7, 2012 (Doc. 19). The Court held the Final Pretrial Conference this day (Doc. 20). Defendant Jesse Bryant, pro se, appeared, however, plaintiff Sabrina Wagner failed to appear. Thus, the Court **RESETS** this matter for Final Pretrial Conference on January 7, 2013 at 9:30 a.m. Ms. Wagner's presence at the January 7, 2013 conference is **MANDATORY**. Mr. Bryant may appear, however, his attendance is not necessary as explained by the Court during the December 7, 2012 Final Pretrial Conference.

In addition to attending the Final Pretrial Conference on January 7, 2013, Ms. Wagner must be prepared to explain to the Court why she failed to attend the December 7, 2012 Final Pretrial Conference. Further, the Court **WARNS** Ms. Wagner that the failure to attend the Final Pretrial Conference will result in the dismissal of

her case for failure to prosecute. The Court **ADVISES** Ms. Wagner of the following:

> A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000);*Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because „[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." " *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993)(quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 769–70 (7th Cir. 1997).

*In re Nora*, 417 Fed.Appx. 573, 575 (7th Cir. 2011).

Accordingly, the Court **SETS** this matter for Final Pretrial Conference on January 7, 2013 at 9:30 a.m. The Court repeats that the **failure to comply with this Order and to attend the Final Pretrial Conference will result in the Court dismissing her case for failure to prosecute.**

**IT IS SO ORDERED.**

Signed this 7th day of December, 2012.

Digitally signed by David R. Herndon
Date: 2012.12.07 15:34:39 -06'00'

**Chief Judge**
**United States District Court**